1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   NEIL A.F. POPOVIC, Cal. Bar No. 132403
3  Email:  npopovic@sheppardmullin.com
   CHARLOTTE O. CUNNINGHAM, Cal. Bar No. 287222
4  Email:  ccunningham@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone:   415.434.9100
6  Facsimile:   415.434.3947

7  Attorneys for Defendants ALAN WOFSY
   and ALAN WOFSY & ASSOCIATES
8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  YVES SICRE DE FONTBRUNE,            Case No. C 13-05957 SC

13            Plaintiff,                NOTICE OF MOTION AND MOTION TO
                                        DISMISS COMPLAINT PURSUANT TO
14       v.                             FED. R. CIV. P. 12(b)(6);
                                        MEMORANDUM OF POINTS AND
15  ALAN WOFSY, an individual; ALAN     AUTHORITIES
    WOFSY & ASSOCIATES; DOES 1
16  through 100, inclusive,             Judge:   Hon. Samuel Conti
                                        Date:    March 7, 2014
17            Defendants.               Time:    10:00 a.m.
                                        Ctrm:    1
18
                                        [Complaint filed Nov. 14, 2013]
19

20

21

22

23

24

25

26

27

28

Case No. C 13-05957 SC
                                                           MOTION TO DISMISS

1

## NOTICE OF MOTION AND MOTION

2 TO PLAINTIFF AND HIS COUNSEL OF RECORD:

3 PLEASE TAKE NOTICE THAT, on March 7, 2014, at 10:00 a.m., or as soon

4 thereafter as the matter can be heard, in Courtroom 1, 17th Floor of the United States

5 District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco,

6 CA 94102, the Honorable Samuel Conti presiding, defendants Alan Wofsy and Alan

7 Wofsy & Associates will and hereby do move for an order pursuant to Fed. R. Civ. P.

8 12(b)(6), dismissing with prejudice the Complaint of plaintiff Yves Sicre de Fontbrune.

9 This motion is based on: this Notice of Motion and Motion; the accompanying

10 Memorandum of Points and Authorities; Objections to Plaintiff's Translations of Foreign

11 Language Documents; Notice of Intent to Rely on Foreign Law Pursuant to Fed. R. Civ.

12 P. 44.1; Request for Judicial Notice; and the Declarations of Vonnick Le Guillou and Alan

13 Wofsy and exhibits thereto; the papers and pleadings on file in this action; and such other

14 papers and oral argument as may be submitted at or prior to the hearing on this motion.

15

16 Dated: January 21, 2014

17 Respectfully submitted,

18 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

19

20 By _____/s/Neil A.F. Popović_____

21 NEIL A.F. POPOVIĆ

22 Attorneys for Defendants ALAN WOFSY and
ALAN WOFSY & ASSOCIATES

23

24

25

26

27

28

Case No. C 13-05957 SC
MOTION TO DISMISS

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3

4

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................1

II.     PROCEDURAL BACKGROUND................................................................2

5

     A.     Proceedings in France .................................................................2

6

     B.     Proceedings in California and Removal to this Court .......................4

7

III.    ARGUMENT ................................................................................5

8

     A.     Recognition of the 2001 Judgment is Barred by the Statute of
            Limitations ................................................................................5

9

10

     B.     The Enforcement Judgment Falls Outside the Scope of the Act
            Because it is for a Fine or Other Penalty ......................................7

11

          1.     The 2001 Judgment and the 2012 Enforcement Judgment are
                 separate judgments................................................................7

12

13

                a.     The 2001 Judgment awards damages and injunctive
                    relief. ..........................................................................7

14

                b.     The Enforcement Judgment awards a <u>penalty</u> of
                    2,000,000 Euros for failure to comply with the 2001
                    Judgment. .....................................................................7

15

16

17

          2.     The Act does not authorize recognition of the 2,000,000 Euros
                 awarded in the Enforcement Judgment because it is for a fine
                 or other penalty. ..................................................................8

18

     C.     Plaintiff's Complaint is Barred Because He Lacks Standing .................10

19

IV.     CONCLUSION ............................................................................12

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*FW/PBS, Inc. v. City of Dallas*
    493 U.S. 215 (1990).................................................................................................10

*Sarl Louis Feraud International v. Viewfinder, Inc.*
    489 F.3d 474 (2d Cir. 2007) ...................................................................................10

*United States v. Hays*
    515 U.S. 737 (1995)................................................................................................10

*Williams v. Boeing*
    517 F.3d 1120 (9th Cir. 2008) ...............................................................................10

*Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*
    433 F.3d 1199 (9th Cir. 2006) ...............................................................................10

### FEDERAL RULES

Federal Rules of Civil Procedure
    Rule 12(b)(6) .............................................................................................................1
    Rule 17(a)(1).............................................................................................................10
    Rule 44.1 ....................................................................................................................1

### STATE STATUTES

California Code of Civil Procedure
    (Uniform Foreign-Country Money Judgments Recognition Act)
    §§ 1713-1724 ...................................................................................................*passim*
    § 1715(a)(2) .......................................................................................................... 6, 7
    § 1715(b)(2) .......................................................................................................... 1, 8
    § 1721 ............................................................................................................... 1, 5, 7

### LEGISLATIVE HISTORY

California Uniform Foreign-Country Money Judgments Recognition Act
    SB 639, Sen. Jud. Comm. (Cal. 2007) ....................................................................5

### FOREIGN STATUTES

Code de Procédure Civile (France)
    Articles 500-501 ........................................................................................................6
    Article 579 .................................................................................................................6
    Article 700 .................................................................................................................8

Case No. C 13-05957 SC
MOTION TO DISMISS

1

OTHER AUTHORITIES

2

F.H.S. Bridge, *The Council of Europe French-English Legal Dictionary* 21
3     (Strasbourg:  Council of Europe Publishing 2002)............................................................9

4

Thomas A. Quemner, *Dictionnaire Juridique, Français-Anglais* 31 (Paris:  Editions
5     de Navarre 1974) ...........................................................................................................9

6

Nat'l Conf. Comm'rs of Unif. State Laws, Uniform Foreign-Country Money
     Judgments Recognition Act (2005)
7     § 3 ................................................................................................................................6
     § 9 ...........................................................................................................................5, 6

8

9 www.legifrance.gouv.fr/Traductions/en-English/Legifrance-translations ...........................6

10 www.oanda.com.......................................................................................................................9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 13-05957 SC
MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION AND SUMMARY OF ARGUMENT

The Uniform Foreign-Country Money Judgments Recognition Act, Cal. Code Civ. Proc. §§ 1713-1724 (the "Act"), provides a clear path for courts in California to recognize money judgments issued by courts in other countries. The Act provides an equally clear path to deny recognition where, as here, a foreign judgment fails to satisfy the statutory criteria.

Plaintiff Yves Sicre de Fontbrune purports to seek recognition of two French judgments against defendants Alan Wofsy and Alan Wofsy & Associates (collectively, "Wofsy") arising out of alleged copyright infringement in connection with the publication of two books about the works of Pablo Picasso, but the complaint and accompanying exhibits establish conclusively that the Court should deny recognition in this case.

- Recognition of the September 26, 2001 Judgment of the Paris Court of Appeals (Exhibits 1 and 2 to the Complaint) is barred by the Act's statute of limitations, Cal. Code Civ. Proc. § 1721, because the 2001 Judgment became effective more than ten years prior to the commencement of this action.

- Recognition of the January 10, 2012 judgment of the Enforcement Judge of the Tribunal de Grande Instance de Paris (Exhibits 5 and 6 to the Complaint) is barred because the money awarded in the 2012 Enforcement Judgment is a "fine or other penalty," and thus outside the scope of the Act. Cal. Code Civ. Proc. § 1715(b)(2).

- Plaintiff lacks standing because the January 31, 2013 Judgment of the Tribunal de Grande Instance (Exhibits 15 and 16 to the Complaint) confirms that on December 20, 2001, plaintiff transferred to a third party the usage rights he previously held for the works at issue in the 2001 Judgment and the 2012 Enforcement Judgment.

SMRH:415113598.2

Plaintiff attempts to obscure these dispositive facts and circumstances through imprecise pleading and inaccurate translation, but his own exhibits demonstrate the fatal flaws in his case. Accurate translations of the French legal documents make the problems even clearer. As explained below, plaintiff's quest for recognition is barred as a matter of law—by the statute of limitations, the inapplicability of the Act to a judgment for a fine or other penalty, and plaintiff's lack of standing.[1]

## II.
## PROCEDURAL BACKGROUND

### A.     Proceedings in France

As alleged in the complaint, in 1996, plaintiff initiated legal proceedings in France accusing Wofsy of copyright infringement and unfair competition in connection with the use of images from a catalogue raisonné of the works of Pablo Picasso compiled by Christian Zervos and published by his company Cahiers d'Art beginning in 1932. Compl., Exh. 2, p. 3.[2] On December 8, 1998, the Tribunal de Grande Instance de Paris rendered judgment in favor of Wofsy.

Plaintiff appealed, and on September 26, 2001, the Cour d'Appel de Paris issued a judgment reversing the lower court, finding Wofsy guilty of copyright infringement, and awarding, *inter alia,* the following relief:

- Prohibiting Wofsy from using the photographs at issue "subject to a fine" of 10,000 francs per recognized violation.[3]

- Ordering the destruction of infringing materials within one month.

---

[1] Along with this Motion, Wofsy is also submitting Defendants' Objections to Translations, with accompanying exhibits that comprise accurate translations of French language exhibits to the Complaint.

[2] Although not necessary for the Court to grant this motion to dismiss, it also bears note that the Estate of Pablo Picasso expressly authorized Wofsy "to publish a work illustrating and describing works by Pablo PICASSO." Declaration of Alan Wofsy, ¶ 5 & Exh. A.

[3] The original French, "*susvisées sous astreinte,*" is translated incorrectly in Exhibit 2 to the Complaint as "under penalty of damages [*astreinte*]." *See* Objections to Translations Exh. G.

1

- Ordering Wofsy to pay plaintiff 800,000 francs in damages and 50,000 francs in

2    costs.

3   Compl., Exh. 2, p. 13 (hereinafter, "2001 Judgment"); Objections to Translations, Exh. G

4   (accurate translation of 2001 Judgment).  Plaintiff served the 2001 Judgment on Wofsy at

5   least three times, in October 2001, November 2001 and February 2002.  *See* Wofsy Decl.,

6   ¶¶ 7-9, Exhs. B, C & D.

7        Wofsy appealed the 2001 judgment to the French Cour de Cassation, which issued

8   an order removing the case from that court's docket on June 5, 2002.  Compl., ¶ 9; Wofsy

9   Decl., Exhs. E (original French) & F (certified translation).[4]

10        On January 10, 2012, an Enforcement Judge of the Tribunal de Grande Instance de

11  Paris issued a judgment awarding the following relief:

12

- "**Fix** the amount of the penalty pronounced by the Court of Appeal of Paris, by

13        Decision of September 26, 2001, at the amount of 2,000,000 Euros (two million

14        Euros)."  Objections to Translations, Exh. H, p. 6 (bold in original).[5]

15

- Ordering Wofsy to pay plaintiff 2,000,000 Euros "regarding this penalty" and

16        1,000 Euros for costs.[6]

17  Objections to Translations, Exh. H, p. 6 (correctly translating Compl., Exh. 6; hereinafter,

18  "Enforcement Judgment").

19        On September 20, 2011, plaintiff and S.A.R.L. Éditions Cahiers d'Art filed a new

20  lawsuit in the Tribunal de Grande Instance de Paris against Wofsy, Wofsy Fine Arts LLC

21  and a French bookseller named Artcurial SA.  *See* Compl., Exhs. 15 & 16; Objections to

22

23  [4] In order to pursue an appeal in the Cour de Cassation, the appealing party must first fully comply with the order of the lower court, including payment of any monetary award.  *See* Wofsy Decl., Exhs. E, p. 6 & F,

24  p. 6 (citing nouveau code de procédure civile, art. 1009-1 (Fr.)).

25  [5] The original French, "***Liquide l'astreinte prononcée par la Cour d'Appel de Paris***" is translated incorrectly in Exhibit 6 to the Complaint as "**Awards** the damages [*astreinte*] pronounced by the Paris

26  Court of Appeals."  *See* Objections to Translations, Exh. H.

27  [6] The original French, "*au titre de cette astreinte,*" is translated incorrectly in Exhibit 6 as "pursuant to this award of damages [*astreinte*]."  *See* Objections to Translations, Exh. H.

28

-3-

Case No. C 13-05957 SC
MOTION TO DISMISS

1   Translations, Exh. I.  On January 31, 2013, that court issued a judgment in which it

2   declared the plaintiffs' claims inadmissible because on December 20, 2001, plaintiff

3   transferred to a third party the commercial rights to photographs of the works of Picasso

4   that he had obtained from the heirs of Mr. Zervos, and he therefore lacked standing to

5   bring an action for copyright infringement:

6          On the dispute between the company ÉDITIONS CAHIERS D'ART and Mr.
           Yves SICRE DE FONTBRUNE against Mr. Alan WOFSY, the company
7          WOFSY Fine Arts, the company Alan WOFSY and Associates

8          Declares that the claims of the company ÉDITIONS CAHIERS D'ART and
           Mr. Yves SICRE DE FONTBRUNE against Mr. Alan WOFSY, the
9          company WOFSY Fine Arts, the Company Alan WOFSY and Associates are
           inadmissible.
10

11  Compl., Exh. 16, pp. 4-5.  That decision recognizing plaintiff's lack of standing is the final

12  word from the French courts on 17 years of litigation between plaintiff and Wofsy.

13  **B.      Proceedings in California and Removal to this Court**

14         On November 14, 2013, plaintiff filed his "Complaint Under the Uniform Foreign

15  Country-Money Judgments Recognition Act to Establish Domestic Judgment Based Upon

16  Final Judgment from the Paris Court of Appeals."  Plaintiff relies exclusively on the Act as

17  the basis for seeking recognition.  In his prayer for relief, plaintiff requests:  "That the

18  judgment of the Paris Court of Appeals be recognized as valid judgment for Plaintiff and

19  be entered as a California judgment."  Compl., p. 6.

20         Plaintiff further requests judgment in the amount of $2,688,101.03 (Compl., p. 6),

21  which plaintiff alleges is the dollar equivalent of the 2,001,000 Euros awarded in the

22  January 10, 2012 Enforcement Judgment, as distinguished from the 800,000 Euros

23  awarded by the Cour d'Appel in the 2001 Judgment.

24         On December 26, 2013, Wofsy removed the action to this Court based on diversity

25  of citizenship.

26

27

28

**III.**
**ARGUMENT**

As described above, plaintiff includes three French judgments as exhibits to his complaint:  (1) the 2001 Judgment of the Cour d'Appel de Paris (Compl., Exhs. 1 & 2); (2) the 2012 Enforcement Judgment of the Enforcement Judge of the Tribunal de Grande Instance de Paris (Compl., Exhs. 5 & 6); and the 2013 Judgment of the Tribunal de Grande Instance (Compl., Exhs. 15 & 16).  Recognition of the 2001 Judgment is time-barred; recognition of the Enforcement Judgment is barred because it is for a fine or other penalty; and the 2013 Judgment confirms plaintiff's lack of standing, signaling also that the Enforcement Judgment is likely subject to revision in France as well.

**A.      Recognition of the 2001 Judgment is Barred by the Statute of Limitations**

Pursuant to California Code of Civil Procedure section 1721, an action to recognize a foreign judgment under the Act "shall be commenced within the earlier of the time during which the foreign-country judgment is effective in the foreign country or *10 years from the date that the foreign-country judgment became effective in the foreign country*." Cal. Code Civ. Proc. § 1721 (emphasis added).  Plaintiff may not obtain recognition of the 2001 Judgment (the only judgment from the Paris Court of Appeals) because that judgment became effective more than 10 years before November 14, 2013, the date plaintiff commenced this action.

Although the Act does not define the phrase "became effective," its meaning is explained in the official comments of the National Conference of Commissioners of Uniform State Laws (NCCUSL), which promulgated the Act and co-sponsored the bill that led to its adoption in California. *See* SB 639, Sen. Jud. Comm. (Cal. 2007); NCCUSL, Unif. Foreign-Country Money Judgments Recognition Act with Pref. Comments (2005) (hereinafter "Uniform Act").

Thus, in comments regarding section 9 of the Uniform Act, the statute of limitations provision, which corresponds to California Code of Civil Procedure section 1721 (except

SMRH:415113598.2

1   that the Uniform Act proposed a 15-year statute of limitations, while California adopted a

2   10-year period), the NCCUSL explains:

3        the period of time during which a foreign-country judgment may be
         recognized under this Act is measured by the period of time during which
4        that judgment is effective (that is, conclusive and, if applicable, enforceable)
         in the foreign country that rendered the judgment.
5

6   Uniform Act § 9, Comment 1.  Thus, "effective" means conclusive and enforceable.

7        In comments to section 3 of the Uniform Act, which specifies, like Code of Civil

8   Procedure section 1715(a)(2), that the Act applies only to the extent a foreign judgment

9   "under the law of the foreign country where rendered, is final, conclusive, and

10  enforceable," Uniform Act § 3, the Commissioners explain that a judgment "is conclusive

11  when it is given effect between the parties as a determination of their legal rights and

12  obligations," and a judgment "is enforceable when the legal procedures of the state to

13  ensure that the judgment debtor complies with the judgment are available to the judgment

14  creditor to assist in the collection of the judgment."  Uniform Act § 3, Comment 3.

15       In this case, the 2001 Judgment became effective in October 2001, when it was first

16  served on Wofsy—because that is when the 2001 Judgment became conclusive and

17  enforceable in France.  According to the French Code of Civil Procedure, a judgment

18  becomes final, conclusive and enforceable when (i) the judgment has been served on the

19  other party; and (ii) it is no longer subject to appeal.  Code de procédure civile, arts. 500-

20  501, English translation available at http://www.legifrance.gouv.fr/Traductions/en-

21  English/Legifrance-translations (last visited Jan. 21, 2014); *see also* Declaration of

22  Vonnick Le Guillou, ¶ 7.  Pursuant to section 579 of the French Code of Civil Procedure,

23  an appeal to the Cour de Cassation does not, except in limited circumstances not applicable

24  here, stay the enforcement of a judgment.  Code de procédure civile, art. 579; *see also* Le

25  Guillou Decl. ¶ 8.

26       Plaintiff's allegation that the 2001 Judgment "became final" upon dismissal of

27  Wofsy's appeal to the Cour de Cassation (Compl., ¶ 9) does not alter the analysis—

28  because "finality" is not required to start the running of the statute of limitations.

1  California Code of Civil Procedure section 1721 refers to the time the foreign judgment

2  "became effective," i.e., when it became conclusive and enforceable, with no requirement

3  that the judgment be final.  In contrast, section 1715(a)(2), which specifies when a foreign

4  judgment becomes ripe for recognition, includes the additional condition that the foreign

5  judgment must be "final."  *Compare* Cal. Code Civ. Proc. § 1715(a)(2) (Act applies to the

6  extent foreign judgment, "under the law of the foreign country where rendered, is final,

7  conclusive, and enforceable"); *with* Cal. Code Civ. Proc. § 1721 (recognition action must

8  be commenced within 10 years from date foreign judgment "became effective in the

9  foreign country").

10      The 2001 Judgment became effective more than 10 years prior to the

11  commencement of this action on November 14, 2013.  Accordingly, an action to recognize

12  the 2001 Judgment is barred by the 10-year statute of limitations set forth in the Act.

13  **B.      The Enforcement Judgment Falls Outside the Scope of the Act Because it is for
            a Fine or Other Penalty**

14

15          1.      The 2001 Judgment and the 2012 Enforcement Judgment are separate
                    judgments.

16      Plaintiff attempts to conflate the 2001 Judgment and Enforcement Judgment by

17  pleading:  "The foregoing French Judgment and Enforcement Order is final, conclusive

18  and enforceable under the law of the country where rendered."  Compl. ¶ 25.

19  Notwithstanding plaintiff's grammatical sleight of hand, the 2001 Judgment and the

20  Enforcement Judgment are separate judgments, entered at different times, by different

21  courts, and awarding different relief.

22              a.      *The 2001 Judgment awards damages and injunctive relief.*

23      The 2001 Judgment, issued by the Cour d'Appel de Paris, awarded 800,000 francs

24  in damages against Wofsy in favor of plaintiff.  Compl., Exh. 2, p. 13.  The judgment also:

25      Enjoins Mr. Alan WOFSY and the Company ALAN WOFSY &
        ASSOCIATES from using the aforementioned photographs in any manner

26      whatsoever subject to a fine of 10,000 francs per recognized violation.

27  2001 Judgment, Objections to Translations, Exh. G, p. 13 (brackets in original).

28              b.      *The Enforcement Judgment awards a __penalty__ of 2,000,000 Euros for
                        failure to comply with the 2001 Judgment.*

Case No. C 13-05957 SC
                                                                                            MOTION TO DISMISS

1    The Enforcement Judgment, issued by an Enforcement Judge of the Tribunal de

2  Grande Instance de Paris, by its terms adjudicates plaintiff's request to enforce the 2001

3  Judgment. *See* Enforcement Judgment, Objections to Translations, Exh. H, p. 2 ("the

4  Enforcement Judge was referred by Mr. Yves SICRE DE FONTBRUNE a petition for

5  fixing the amount of a penalty that was pronounced against Mr. Alan WOFSY and ALAN

6  WOFSY & ASSOCIATES by Judgment of the Court of Appeal of Paris dated September

7  26, 2001."). Thus, the Enforcement Judgment recites the 2001 Judgment's prohibition

8  against Wofsy making use of the so-called Zervos photographs, "under penalty of a fine of

9  10,000 Francs per infringement found," *id.*, p. 3, and awards 2,000,000 Euros *as a penalty*

10  for violation of the prohibition, *id.*, p. 4. The sum of money awarded in the Enforcement

11  Judgment is a penalty for violation of the 2001 Judgment; it is *not* damages, as the Court of

12  Appeals of Paris awarded in the expired 2001 Judgment for the unauthorized use of

13  photographs.

14    2.    The Act does not authorize recognition of the 2,000,000 Euros awarded in
           the Enforcement Judgment because it is for a fine or other penalty.

15

16    Pursuant to California Code of Civil Procedure section 1715(b)(2), the Act "does

17  not apply to a foreign-country judgment, even if the judgment grants or denies recovery of

18  a sum of money, to the extent that the judgment is any of the following:  [¶] (2) *A fine or*

19  *other penalty*." (Emphasis added.)  Plaintiff here seeks recognition of a judgment for

20  2,001,000 Euros, which comprises the 2,000,000 Euro penalty awarded in the Enforcement

21  Judgment, plus 1,000 Euros in costs pursuant to article 700 of the French Code of Civil

22  Procedure. *See* Compl., ¶ 24, Prayer for Relief, ¶ 2 & Exh. 6, p. 4; Objections to

23  Translations, Exh. H, p. 4. The penalty is not subject to recognition under the Act.

24    In the original French, the Enforcement Judgment provides: "***Liquide l'astreinte***

25  *prononcée par arrêt du 26 septembre 2001, à une somme de 2.000.000 Euros (deux*

26  *millions d'Euros)."* Compl. Exh. 5, p. 4. Properly translated, the quoted language

27  corresponds to: "**Fix** the amount of the penalty pronounced by the Court of Appeal of

28

-8-

1  Paris, by Decision of September 26, 2001, at the amount of 2,000,000 Euros (two million

2  Euros)."  Objections to Translations, Exh. H, p. 4.

3  Plaintiff's translation of the Enforcement Judgment erroneously states:  "**Awards**

4  the damages [*astreinte*] pronounced by the Paris Court of Appeals by the judgment of

5  September 26, 2001, in the amount of 2,000,000 Euros (two million Euros)."  Compl.,

6  Exh. 6, p. 4.  Plaintiff's translation is linguistically incorrect, and it makes no sense.  The

7  only "damages" awarded to plaintiff in the 2001 Judgment were 800,000 francs for harm

8  he purportedly suffered as a result of Wofsy's alleged infringement.  *See* 2001 Judgment,

9  Objections to Translations, Exh. H, p. 11 ("the injury resulting therefrom shall be fully

10  compensated by the award of a sum of 800,000 francs to Mr. DE FONTBRUNE").

11  In contrast, the 2,000,000 Euros were awarded as a penalty for Wofsy's failure to

12  comply with the injunctive portion of the 2001 Judgment.  The amount was determined

13  based on a penalty of 10,000 francs per violation, without reference to any damage

14  allegedly suffered by plaintiff.  The amount of the fine bears no relation to the 800,000

15  francs in damages awarded to plaintiff in the time-barred 2001 Judgment.  *See* Compl.,

16  Exh. 2, p. 13.[7]

17  Second, French and U.S. authorities confirm that *astreinte* means a fine for

18  noncompliance with a judgment.  For example, the Dictionnaire Juridique defines *astreinte*

19  as "daily fine for delay in performance of contract or payment of debt."  Thomas A.

20  Quemner, *Dictionnaire Juridique, Français-Anglais* 31 (Paris:  Editions de Navarre 1974).

21  In addition, the Council of Europe French-English Legal Dictionary defines it as "(periodic

22  pecuniary) penalty (for failure to comply with a court order or for non-performance of

23  some other obligation); coercive fine (penalty)."  F.H.S. Bridge, *The Council of Europe*

24  *French-English Legal Dictionary* 21 (Strasbourg:  Council of Europe Publishing 2002).

25

26  _____

27  [7] According to the currency conversion website www.oanda.com, as of January 20, 2012, the date of the Enforcement Judgment, 800,000 Francs was the equivalent of 121,959 Euros, i.e., nowhere near the 2,000,000 Euro penalty imposed by the Enforcement Judge.

28

1    Courts in the United States have treated the concept accordingly.  In *Sarl Louis*
2  *Feraud International v. Viewfinder, Inc.,* 489 F.3d 474 (2d Cir. 2007), the Second Circuit
3  considered a French judgment that ordered the defendant to remove infringing photographs
4  from a website, and awarded damages, costs of suit, "and a fine ('*astreinte*') of 50,000
5  francs a day for each day [defendant] failed to comply with the judgment." *Id.* at 477.  As
6  in the instant case, *Louis Feraud* involved the alleged unauthorized use of photographs,
7  and as in the instant case, the French court separately awarded damages and *astreinte,* with
8  the Enforcement Judge reducing the *astreinte* to a fixed amount after plaintiff failed to
9  comply with the original judgment. *Id.*

10    In *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme,* 433 F.3d 1199
11  (9th Cir. 2006), the Ninth Circuit considered a French judgment against Yahoo! arising out
12  of the sale of Nazi artifacts on Yahoo!'s websites.  The French judgment included an
13  award of *astreinte*, which the Ninth Circuit noted was consistently translated as "penalty"
14  in the record. *Id.* at 1219.  The court further noted that "California's Uniform Act," the
15  predecessor to the current Act, "does not authorize enforcement of 'fines or penalties.'"
16  *Id.* at 1218.  Accordingly, the Act does not authorize recognition of the 2,000,000 Euro
17  *astreinte* in the Enforcement Judgment.

18  **C.    Plaintiff's Complaint is Barred Because He Lacks Standing**

19    Pursuant to Rule 17(a)(1) of the Federal Rules of Civil Procedure, "[a]n action must
20  be prosecuted in the name of the real party in interest."  A plaintiff may not sue to enforce
21  someone else's rights.  Plaintiff bears the burden "clearly to allege facts demonstrating that
22  he is a proper party to invoke judicial resolution of the dispute." *United States v. Hays,*
23  515 U.S. 737, 743 (1995); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231
24  (1990) (standing "must affirmatively appear in the record").  In addition to having standing
25  at the outset, a plaintiff's stake in the litigation must continue throughout the proceedings,
26  including any appeal. *Williams v. Boeing*, 517 F.3d 1120, 1128 (9th Cir. 2008).

27    Contrary to the foregoing requirements, the record here affirmatively demonstrates
28  that plaintiff does *not* have a stake in the litigation, and he therefore lacks standing.  The

Case No. C 13-05957 SC
MOTION TO DISMISS

1  2013 Judgment recites that the 2001 Judgment recognized plaintiff as holding usage rights

2  in the photographs used in the Zervos catalogs; and then explains:

3      that on December 21, 2001 Mr. Yves SICRE DE FONTBRUNE and Mr.
    Pierre SICRE DE FONTBRUNE transferred to the company CAHIER

4      D'ART HOLDING Limited the commercial rights which they had acquired
    on May 31, 1979, so that Mr. Yves SICRE DE FONTBRUNE is not

5      permitted to bring an action of infringement of copyrights on the date of the
    summons since he lacks locus standi.

6

7  Compl., Exh. 16, p. 4.  On that basis, the Tribunal de Grande Instance de Paris declared the

8  claims of plaintiff and Éditions Cahiers d'Art against Wofsy and Wofsy Fine Arts LLC

9  inadmissible.  *Id.,* p. 5; Objections to Translations, Exh. I, p. 5.

10      Thus, according to plaintiff's own exhibits, on January 31, 2013, the Tribunal de

11  Grande Instance de Paris adjudged that as of December 20, 2001, he lacked standing to

12  pursue an action to enforce usage rights in the photographs at issue here.  That

13  determination also means that as of July 22, 2011, when he commenced enforcement

14  proceedings in the Tribunal de Grande Instance de Paris (*see* Compl., Exh. 6, p. 2), he did

15  not have standing.  Pursuing enforcement without informing the Enforcement Judge that

16  he no longer owned the underlying rights would also render the Enforcement Judgment

17  subject to revision under French law.  *See* Le Guillou Decl. ¶ 19 & Exh. 18.

18      There is nothing in the record that shows plaintiff ever regained the relevant rights.

19  Accordingly, plaintiff is not the real party in interest, and he lacks standing to pursue this

20  case.

21  \\

22  \\

23  \\

24  \\

25

26

27

28

SMRH:415113598.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**
**CONCLUSION**

For the reasons set forth above, the Court should dismiss plaintiff's complaint.

Dated:  January 21, 2014

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          /s/Neil A.F. Popović
                 NEIL A.F. POPOVIĆ

Attorneys for Defendants ALAN WOFSY and
ALAN WOFSY & ASSOCIATES

-12-

Case No. C 13-05957 SC
MOTION TO DISMISS

SMRH:415113598.2