IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVES SICRE DE FONTBRUNE,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN WOFSY, ALAN WOFSY & ASSOCIATES, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 13-cv-05957-SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

## I.    INTRODUCTION

Plaintiff Yves Sicre De Fotbrune ("Plaintiff") brings this action under the California Uniform Foreign-Country Money Judgments Recognition Act (the "Act"), Cal. Civ. Proc. Code 1713 et seq., to enforce judgments issued by French courts. ECF No. 1 Ex. A ("Compl."). Defendants Alan Wofsy and Alan Wofsy & Associates (collectively, "Defendants") now move to dismiss. ECF No. 9 ("Mot."). The Motion is fully briefed, ECF Nos. 18 ("Opp'n"), 19 ("Reply"), and suitable for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

The following facts are taken from Plaintiff's Complaint along with the exhibits attached thereto. The instant action arises out of a copyright suit Plaintiff filed against Defendants in the French courts in 1996. Compl. Ex. 2 ("Sep. 2001 Judgment" (translation)) at 1. In the French action, Plaintiff claimed to have artistic and literary property rights to a catalog of the works of Pablo Picasso created by Christian Zervos. Plaintiff asserted claims for copyright infringement and unfair competition against Defendants based on their alleged reproduction of Zervos's photographs in two catalogs of Picasso artwork. Id.

The trial court held Mr. Wofsy harmless in the action and declared Plaintiff's claims "inadmissible[] due to his lack of proof of his locus standi." Id. at 2. On September 26, 2001, the Paris Court of Appeals reversed. Id. at 12. The court held Defendants liable for copyright infringement, prohibited Defendants from using Zervos's photographs under penalty of "astreinte"[1] of 10,000 Francs per discovered breach, ordered the destruction of the infringing materials, and awarded Plaintiff 800,000 Francs in pecuniary damages and 50,000 Francs in costs. Id. at 12-13. Defendants appealed this judgment, but their appeal was dismissed. Compl. ¶ 9.

In or around 2011, Plaintiff brought a case against Defendants before a French enforcement judge concerning the September 2001

---

[1] As discussed below, the parties disagree on the precise translation of astreinte in this context. Plaintiff claims it means damages, while Defendants claim it means penalty.

2

judgment of the Paris Court of Appeals.[2]  Compl. Ex. 6 ("Jan. 2012 Judgment" (translation)) at 3.  On January 10, 2012, the court rendered a judgment in the action.  The court's description of the underlying facts and claims is vague, at least in the translation provided by Plaintiff, and Plaintiff's pleading does nothing to clarify the matter.  However, it appears that the court found that Defendants had violated the terms of the September 2001 Judgment.  The court awarded Plaintiff 2,000,000 Euros in "liquide l'astreinte" and 1,000 Euros for costs.  Compl. Exs. 5, 6 at 3-4.

In September 2011, Plaintiff and Éditions Cahiers D'art filed another suit against Defendants concerning "works dedicated to the works of Picasso" before the Tribunal de Grande Instance de Paris.  Compl. Ex. 16 ("Jan. 2013 Judgment" (translation)) at 2.  Defendants did not engage an attorney for the proceeding.  Id. at 3.  On January 13, 2013, the tribunal found that Plaintiff lacked locus standi to bring his claims for copyright infringement because, on December 20, 2001, he transferred his intellection property rights in the works to Cahier D'art Holding.  Id. at 4.  The tribunal concluded that Plaintiff's claims against Defendant were "inadmissible" and ordered Plaintiff to pay the costs of the proceedings.  Id.

Plaintiff filed the instant action in California state court on November 14, 2013.  Defendant subsequently removed on diversity grounds.  Pursuant to the Act, Plaintiff demands that "the judgment of the Paris Court of Appeals be recognized as [a] valid judgment for Plaintiff and be entered as a California judgment." Id. pg. 6.

---

[2] There appears to be a typo in the French Judgment, which is repeated in the translation, setting the date of the underlying judgment at September 26, 2011, rather than September 26, 2001.

3

Plaintiff seeks a total sum of $2,688,101.03, which is allegedly the United States dollar equivalent of the 2,001,000 Euros awarded in the January 2012 Judgment. Id. There is no indication that Plaintiff is seeking a California judgment in connection with the September 2001 Judgment.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### IV. DISCUSSION

Defendants argue that the enforcement of the September 2001 Judgment is barred by the statute limitations. Defendants also argue that the Court cannot enforce the January 2012 Judgment because: (1) Plaintiff cannot use the Act to enforce a fine or a

4

penalty, and (2) the January 2013 Judgment shows that Plaintiff lacks standing to enforce the January 2012 Judgment. The Court addresses each of these arguments, but first reviews the evidentiary and procedural issues raised by the parties.

### A. Procedural Matters

Plaintiff attached the September 2001, January 2012, and January 2013 judgments to his Complaint, along with English translations of those judgments. Defendants object to the translations as inaccurate, and have offered purportedly accurate translations of their own.[3] ECF No. 12 ("Obj.") at 3. Specifically, Defendants contend that the correct translation of the French word <u>astreinte</u> is "penalty," and that Plaintiff incorrectly translated the word as "damages." Defendants contend that the translation has legal significance because Plaintiff cannot recover penalties under the Act. <u>Id.</u> In support of their motion to dismiss, Defendants have also submitted the declaration of Vonnick le Guillou, an attorney licensed to practice in France, who explains the legal effect of the French judgments cited in Plaintiff's pleading. ECF No. 9-2 ("Guillou Decl.").

Plaintiff argues that the Court should strike these materials because Defendants may not submit evidence outside of the pleadings in support of a motion to dismiss. Opp'n at 5. Plaintiff further argues that the Court should not convert Defendants' motion to dismiss to a motion for summary judgment because Plaintiff has not

---

[3] The documents were translated by Jessica Crockett. Defendants initially neglected to file a declaration by Ms. Crockett explaining her qualifications as a translator, and instead submitted a declaration by her supervisor. Defendants later corrected their mistake by filing a supplemental declaration from Crockett. ECF No. 20.

5

1  had a sufficient opportunity to prepare for such a motion. Id. at
2  14. Defendants respond that the Court need not convert the instant
3  motion to a motion for summary judgment to consider its evidence.
4  Reply at 1-2. Defendants argue that, on a Rule 12(b)(6) motion, a
5  court may properly consider documents referred to in the pleadings,
6  and that their translations of the French judgments are just that.
7  Id. at 3. Defendants also argue that the Court may properly
8  consider the Guillou Declaration under Federal Rule of Civil
9  Procedure 44.1.

10  Even if the Court could consider Defendants' competing
11  translation of the French Judgments on a Rule 12(b)(6) motion to
12  dismiss, it is unclear how it could resolve factual disputes about
13  the accuracy of that translation at this stage of the litigation.
14  In any event, it appears that the only reason that Defendants have
15  offered a competing translation is that they disagree with
16  Plaintiff's translation of the French word astreinte. Defendants
17  contend that the French court used the term to mean "penalty,"
18  while Plaintiff claims that, in this context, it means "damages."
19  This is primarily a legal issue, not an issue of translation. See
20  Java Oil Ltd. v. Sullivan, 168 Cal. App. 4th 1178, 1187 (Cal. Ct.
21  App. 2008) ("The test is not by what name the statute is called by
22  the legislature or the courts of the State in which it was passed,
23  but whether it appears to the tribunal . . . a punishment of an
24  offence against the public, or a grant of a civil right to a
25  private person."). Thus, the translators' opinions are of limited
26  value.

27  As to the Guillou Declaration, Rule 44.1 does not support
28  Defendants' position. The rule provides that the Court may

6

consider "any relevant material or source" in determining foreign law, and that such a determination must be treated as a ruling on a question of law. Fed. R. Civ. P. 44.1. However, Rule 44.1 does not expressly allow the Court to consider evidence outside the pleadings on a Rule 12(b)(6) motion to dismiss. Moreover, the case law holds that consideration of such evidence is inappropriate at the pleadings stage. A party relying on foreign law has the burden of pleading the law and proving it as a fact. See Cuba R. Co. v. Crosby, 222 U.S. 473, 479 (1912). Thus, it is well settled that federal courts do not take judicial notice of foreign laws. Philp v. Macri, 261 F.2d 945, 947 (9th Cir. 1958) (citing Dainese v. Hale, 91 U.S. 13, 14 (1875)). Accordingly, the Court declines to take judicial notice of Guillou's explanation of French law. Defendants may submit this declaration at summary judgment, but it is premature at the pleading stage.

In sum, the Court declines to convert Defendant's Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment and limits its analysis to Plaintiff's Complaint and the exhibits attached thereto.

**B.     The September 2001 Judgment**

Defendants argue that recognition of the September 2001 Judgment is barred by the Act's ten-year statute of limitations. Mot. at 5 (citing Cal. Code Civ. Proc. § 1721). Plaintiff does not respond to this argument, though it appears that he is not seeking to enforce the September 2001 Judgment. The Complaint's prayer seeks only $2,688,101.03, the U.S. dollar equivalent of the January 2012 Judgment. In sum, it appears that Defendants are moving to dismiss a claim that Plaintiff has not made. In any event, to

7

avoid uncertainty, the Court DISMISSES Plaintiff's claim to the extent that he seeks enforcement of the September 2001 Judgment.

### C. The January 2012 Judgment

Defendants contend that the Court should dismiss Plaintiff's complaint to the extent that it is based on the January 2012 Judgment because: (1) Plaintiff cannot enforce fines and other penalties through the Act; and (2) Plaintiff lacks standing to enforce the judgment. The Court finds both arguments unavailing.

As to Defendants' first argument, the Act applies to a foreign-country judgment to the extent that the judgment: (1) "[g]rants or denies recovery of a sum of money" and (2) "under the law of the foreign country where rendered, is final, conclusive and enforceable." Cal. Code Civ. Proc. 1715(a)(1)-(2). The Act "does not apply to a foreign-country judgment, even if the judgment grants or denies recovery of a sum of money," to the extent that the judgment is "[a] fine or other penalty." Id. § 1715(b), (b)(2). Defendants argue that the January 2012 Judgment is a "fine or other penalty" because it was awarded to punish Defendants for failure to comply with the September 2001 Judgment. MTD at 8. Defendants further argue that the French court's use of the term "astreinte" proves that it meant to impose a penalty. Id.

Whether the 2,001,000 Euros awarded by the January 2012 Judgment is a fine, a penalty, damages, or something else necessarily requires an analysis of French law. As discussed in Section IV.A supra, such an analysis is premature at pleadings stage. Moreover, the court documents attached to Plaintiff's pleading are too vague to support Defendants' position. It is unclear exactly what issues were before the French court or why it

8

awarded Plaintiff 2,001,000 Euros. At this point, it is sufficient that Plaintiff has alleged that the January 2012 Judgment constitutes an award of damages. Defendants may contest this assertion on a motion for summary judgment.[4]

Defendants' second argument fails for similar reasons. Defendants argue that Plaintiff lacks standing not in this case, but in the underlying French action. MTD at 10-11. Defendants point to the January 2013 Judgment, where the Tribunal de Grande Instance de Paris declared that Plaintiff lacked locus standi because he had transferred his rights to the Zervos photographs to a third party in 2001. Id. Based on the January 2013 Judgment, Defendants argue that the January 2012 Judgment awarding Plaintiff 2,001,000 Euros was in error and subject to revision under French law. Id. Once again, Defendants are asking the Court to look beyond the pleadings on a Rule 12(b)(6) motion to dismiss. The Court declines to do so. Whether or not the January 2012 Judgment is final and enforceable requires evidence of French law and, thus, should be addressed at summary judgment.

Accordingly, the Court DENIES Defendant's motion to extent that it seeks dismissal of Plaintiff's claim for the 2,001,000 Euros awarded by the January 2012 Judgment. The Court finds that Defendants' arguments in favor of dismissal of this claim are premature.

///

///

---

[4] Significantly, the only Ninth Circuit authority cited by Defendants on this point, Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006), involved a motion for summary judgment.

9

## V. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants Alan Wofsy and Alan Wofsy & Associates' Motion to Dismiss to the extent that it seeks dismissal of Plaintiff's claim for the 850,000 Francs awarded by the September 2001 judgment. The Motion is DENIED in all other respects. The hearing set for March 21, 2014 is hereby VACATED.

IT IS SO ORDERED.

March 12, 2014

_____
UNITED STATES DISTRICT JUDGE