UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YVES SICRE DE FONTBRUNE,<br><br>  Plaintiff,<br><br>    v.<br><br>ALAN WOFSY, et al.,<br><br>  Defendants. | Case No.  5:13-cv-05957-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER**<br><br>Re: Dkt. No. 169 |

On January 9, 2024, Magistrate Judge Cousins ("Magistrate Judge") issued an Order ("Prior Order") denying Defendants Alan Wofsy, et al. ("Defendants")'s request for discovery regarding the standing of Plaintiffs Vincent Sicre De Fontbrune, Loan Sicre De Fontbrune, Adel Sicre De Fontbrune, and Anaïs Sicre De Fontbrune ("Plaintiffs" or "heirs").  Order on Discovery Dispute ("Prior Order"), ECF No. 166.  Defendants now move this Court to set aside the Magistrate Judge's Prior Order and grant its request for discovery.  Pl.'s Mot. for Relief from Mag. Judge Order ("Mot."), ECF No. 169.  With leave of Court, Plaintiffs filed a response on January 31, 2024.  Pl.'s Opp'n to Mot. ("Opp'n"), ECF No. 172.

A district court may reconsider any pretrial matter referred to a magistrate judge when "the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  After carefully reviewing the Magistrate Judge's Prior Order and Defendants' objections thereto, the Court finds that it is neither clearly erroneous nor contrary to law.

The Magistrate Judge's Prior Order found "that Defendants' motion to compel discovery from Plaintiff regarding standing and the real party in interest was not timely," as it "was filed on the eve of the pretrial conference and long after this Court denied Defendants' motion to reopen

Case No.: 5:13-cv-05957-EJD
ORDER DENYING MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER

1

1   discovery." Prior Order. Defendants argue that the Prior Order was clearly erroneous because the

2   Prior Order (1) ignored a statement made by Plaintiff's representative during a settlement

3   conference that Defendants believe raise a new standing issue, and (2) failed to address the fact

4   that this statement was made in December 2023, which Defendants argue excuses the timing of

5   Defendants' discovery request. Mot. 1.

6   However, the mere fact that the Prior Order did not address these facts in its text does not

7   necessarily mean that the Magistrate Judge ignored them in clear error. Defendants' joint

8   statement of discovery dispute informed the Magistrate Judge of these facts, and the Court has no

9   reason to believe that the Magistrate did not properly consider the record in making his ruling. *See*

10  Joint Statement of Disc. Dispute, ECF No. 158. The Magistrate Judge issued the Prior Order with

11  the benefit of having familiarity with the case's significant history, including Defendants'

12  knowledge of the original Plaintiff's passing for over eight years, Defendants' prior discovery

13  requests on the same subject and their choice not to pursue them in the past, and other relevant

14  context. *See id.* at 4–5; Opp'n 2.

15  Given that Defendants' only argument is that the Magistrate Judge failed to mention these

16  facts in the Prior Order, the Court finds that Defendants have failed to show that the Prior Order

17  was "clearly erroneous or contrary to law."

18  Therefore, the Court **DENIES** Defendants' motion for relief from the Magistrate Judge's

19  Prior Order.

20  **IT IS SO ORDERED.**

21  Dated: February 9, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-05957-EJD
ORDER DENYING MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER
2